IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 0:99-659-CMC |
| v. | **OPINION AND ORDER** |
| Roy Benquess Gingles, | |
| Defendant. | |

Defendant filed a motion in this court pursuant to 28 U.S.C. § 2255, challenging his conviction for a violation of 18 U.S.C. § 924(c). ECF No. 611. The Government filed a response in opposition and a motion for summary judgment. ECF Nos. 623, 624. Defendant filed a reply. ECF No. 640. Defendant also filed a *pro se* letter on July 1, 2019, requesting the court consider the recent Supreme Court case, *United States v. Davis*, No. 18-431, and grant him relief. ECF No. 675.

### I. Background

On July 14, 1999, Defendant was charged with the following counts: (1) conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(b)(3); (2) conspiracy to use, carry and brandish firearms during and in relation to, and possess firearms in furtherance of crimes of violence, specifically Hobbs Act Robbery, in violation of 18 U.S.C. §§ 924 (o); five counts of Hobbs Act Robbery, in violation of § 1951 (Counts 3, 5, 9, 12, 14); and five counts of knowingly using, carrying, brandishing, and discharging a firearm during and in relation to a Hobbs Act Robbery, in violation of 18 U.S.C. § 924(c) (Counts 4, 6, 10, 13, 15). ECF No. 1.

On October 29, 1999, Defendant pled guilty to Counts 13 and 15 of the Indictment: two counts of § 924(c) brandishing and discharging a firearm in relation to Hobbs Act Robbery, one of which took place on April 21, 1999, and the other on April 29, 1999. ECF Nos. 1, 188. Judgment was entered on April 7, 2000. ECF No. 274. Defendant was sentenced to a total term of 300 months, consisting of 60 months as to Count 13 and 240 months as to Count 15, consecutive. *Id.* Defendant did not appeal.

## II.    18 U.S.C. § 924(c)

Title 18 U.S.C. § 924(c) provides that a defendant shall be subject to a consecutive sentence if he or she, "during and in relation to any crime of violence or drug trafficking crime. . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm. . . ." 18 U.S.C. § 924(c)(1)(A).[1]

The statute defines a "crime of violence" as:

an offense that is a felony and –
(A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[2]

18 U.S.C. § 924(c)(3).

On June 24, 2019, the Supreme Court decided the residual clause of § 924(c)(3)(B) was void for vagueness. *United States v. Davis*, __ S.Ct. __, 2019 WL 2570623, at *13 (June 24, 2019).

---

[1] If the firearm is brandished, the person shall be sentenced to a consecutive term of imprisonment of not less than 7 years, and if discharged, not less than 10 years. *Id.* at (ii)-(iii).

[2] § 924(c)(3)(A) is known as the "force clause" or "elements clause" (referred to herein as the force clause) and § 924(c)(3)(B) is known as the "residual clause."

2

In doing so, the Court rejected application of a case-specific approach and applied the categorical approach. *Id.* at \*6-\*10.

### III. Discussion

Defendant argues the substantive Hobbs Act Robberies cannot serve as predicates for his § 924(c) convictions, as they are not crimes of violence as defined in § 924(c)(3)(A), the "force clause," and §924(c)(3)(B) is invalid. ECF No. 611. The Government has moved for summary judgment, arguing Defendant's claim was procedurally defaulted, is untimely, and fails on the merits as Hobbs Act Robbery is categorically a crime of violence under the force clause. ECF No. 623. Defendant responded, arguing his motion was timely as it was filed within a year after *Johnson*, the claim was not procedurally defaulted because it could not have been raised previously, and Hobbs Act Robbery is not a crime of violence. ECF No. 640.

The Hobbs Act Robbery statute, 18 U.S.C. § 1951(a), (b)(1), prohibits "obstruct[ing], delay[ing,] or affect[ing] commerce or the movement of any article or commodity in commerce, by robbery . . . ." § 1951(a). It defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property . . . ." § 1951(b)(1).

The overwhelming weight of authority holds that Hobbs Act Robbery is a violent felony under the force clause of § 924(c)(3)(A). While the Fourth Circuit has not yet addressed the issue[3],

---

[3] The Fourth Circuit has two cases pending, which were held in abeyance pending *Davis*, in which the issue of substantive Hobbs Act Robbery and § 924(c) may be addressed. *See United States v. Thorpe*, No. 17-4229; *United States v. Melvin*, No. 17-4236. The Fourth Circuit has also held armed bank robbery and federal carjacking to be crimes of violence for purposes of the § 924(c)

3

all other circuits to confront the issue have determined such a conviction is a crime of violence under § 924(c)(3)(A). *See United States v. Jones,* 919 F.3d 1064, 1072 (8th Cir. 2019); *United States v. Garcia-Ortiz,* 904 F.3d 102, 109 (1st Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060-66 (10th Cir. 2018); *United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Eshetu*, 863 F.3d 946, 955-56 (D.C. Cir. 2017); *United States v. Gooch*, 850 F.3d 285, 291-92 (6th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017); *United States v. Anglin*, 846 F.3d 954, 964-65 (7th Cir. 2017); *United States v. Robinson*, 844 F.3d 137, 144 (3d Cir. 2016) (brandishing in § 924(c) is a crime of violence); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016); *United States v. Howard*, 650 Fed. Appx. 466, 467-68 (9th Cir. 2016).[4]

This court agrees with the circuits holding Hobbs Act Robbery qualifies as an underlying crime of violence for purposes of § 924(c)(3)(A), the force clause. Therefore, Defendant's

---

force clause. *See United States v. Evans,* 848 F.3d 242, 247-48 (4th Cir. 2017) (holding "the term 'intimidation,' as used in the phrase 'by force and violence or by intimidation' in the carjacking statute, necessarily includes a threat of violent force within the meaning of the 'force clause' of Section 924(c)(3)."); *United States v. McNeal*, 818 F.3d 141, 157 (4th Cir. 2016) (A taking by "force and violence, or by intimidation," satisfies the force clause of § 924(c)(3)(A) because "to qualify as intimidation, the degree of 'force' threatened must be violent force – that is, force capable of causing pain or injury.").

[4] The Supreme Court recently decided Florida robbery, requiring use of force sufficient to overcome a victim's resistance, even if that force is "slight," categorically qualifies as a predicate offense under § 924(e), as overcoming resistance is inherently "violent." *Stokeling v. United States*, 586 U.S. __, 139 S. Ct. 544, 553 (2019).

4

substantive § 924(c) convictions properly rest upon his substantive Hobbs Act Robbery charges committed the same days.[5]

Defendant also argues Hobbs Act Robbery fails to qualify under § 924(c)(3)(B) because "the residual clause is unconstitutionally vague." ECF No. 611 at 3. The Supreme Court has agreed the residual clause of § 924(c)(3)(B) is unconstitutionally vague; therefore, Defendant's challenge based on § 924(c)(3)(B) succeeds. *See Davis*, 2019 WL 2570623 at *13. However, because the challenge based on § 924(c)(3)(A) fails, as his § 924(c) convictions are properly predicated on Hobbs Act Robbery under the force clause, his § 924(c) convictions stand.

### IV. Conclusion

Defendant's challenge to his convictions under § 924(c) fails because each § 924(c) conviction is predicated on substantive Hobbs Act Robbery, a crime of violence under the force clause of § 924(c)(3)(A). The Government's motion for summary judgment is granted and Defendant's § 2255 motion is hereby **dismissed with prejudice**.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

---

[5] The Government has also argued that Defendant's § 2255 motion should be dismissed as untimely and/or based on procedural default. However, the court need not reach these arguments, as it has determined that Defendant's convictions for § 924(c) stand.

5

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED**.

    s/Cameron McGowan Currie
    CAMERON MCGOWAN CURRIE
    Senior United States District Judge

Columbia, South Carolina
July 10, 2019